### In re ARCHIBALD HARRIS CO.

### GREENE et al. v. HARRIS et al.

Circuit Court of Appeals, Seventh Circuit.
October 21, 1927.

Rehearing Denied November 14, 1927.

No. 3905.

Bankruptcy ⬤═20(2)—Order that receiver in bankruptcy turn over assets to state court receiver held not prejudicial to claimants having claims filed in state court.

Claimants of wages in bankruptcy proceeding, having before the filing of the petition in bankruptcy filed the same claims by intervention, in a suit in state court by H. against the bankrupt corporation to compel it to turn over to him its property as acquired by it from him by fraud, and the state court having found for H. against the corporation, but reserved for further adjudication the intervening wage claims, and such claims, so far as appears, being still there pending for adjudication, such claimants have no proper ground of complaint of order of the bankruptcy court, directing the receiver in bankruptcy, who had acquired certain assets apparently theretofore undiscovered by the receiver appointed in the state court action for the property of the corporation, to turn over those assets to the state court receiver.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the Archibald Harris Company, bankrupt. From an order that the receiver in bankruptcy turn over certain assets to the state court receiver, J. Menard Greene and others appeal; H. Archibald Harris and others being the appellees. Affirmed.

George C. Tripp and Robert R. Mix, both of Chicago, Ill., for appellants.

Maurice J. Moriarty, of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PER CURIAM. We perceive no error in the action of the District Court. Before the filing of petition in bankruptcy, the appellants had filed their same wage claims in a proceeding in the state court wherein H. A. Harris had brought suit to require the alleged bankrupt, Archibald Harris Company, to turn over to him its property, on the allegation that the corporation acquired it from him by fraud. In that action a receiver had been appointed for the property of the corporation, and appellants intervened, contending that out of the property under the jurisdiction of that court their claims for wages should first be paid.

The state court has jurisdiction of the intervening petition, and in its decree finding that as against the corporation Harris was entitled to the property it distinctly reserved for further adjudication the intervening wage claims there filed by these appellants. So far as here appears, the intervening claims are still there pending for adjudication, and we are of opinion that these appellants have no proper ground of complaint of the order of the District Court directing the receiver in bankruptcy, who had acquired certain assets apparently theretofore undiscovered by the receiver of the state court, to turn over those assets, less certain expenses, to the state court receiver.

The order of the District Court is affirmed.